UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MAUREEN MCCULLOUGH                     *       CIVIL ACTION

versus                                 *       NO. 06-8839

ALLSTATE INSURANCE COMPANY,            *       SECTION "F"
TREADWAY INSURANCE AGENCY, and AAA
CONTRACTORS

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED as premature.

The Fifth Circuit applies the "rule of unanimity" to removed cases with multiple defendants: Absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446. <u>Getty Oil Corp. v. Insurance Co. of North America</u>, 841 F.2d 1254, 1261-62 (5th Cir. 1988) (holding that all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served); <u>Gillis v. Louisiana</u>, 294 F.3d 755, 759 (5th Cir. 2002) (finding exceptional circumstances cured board's retroactive ratification of consent, given that the board attempted to schedule a meeting before removal period expired, chairman of the board was also a plaintiff, and timely consent was given by an

1

agent who was informally authorized).

In her petition for declaratory judgment and damages, the plaintiff sued her insurer, her agent, and her contractor. But at this time, the record does not reflect that the agent, Treadway, or the contractor, AAA Contractors, have been served and so they are not yet proper parties to this lawsuit. Therefore, this Court cannot make a determination on the issue of remand.

Accordingly, the plaintiff's motion to remand is DENIED as premature.

New Orleans, Louisiana, January 29, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE